United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) Criminal Case No. |
| v. | ) 21-20259-CR-Scola/Goodman |
| | ) |
| Rene Pedrosa, Defendant. | ) |

### Order Adopting Report and Recommendations, Denying Motion to Suppress, and Excluding Intent Evidence

This matter is before the Court on Defendant Rene Pedrosa's motion to suppress and/or in the alternative to sever and his notice of intent to introduce sexually explicit conduct of a victim. (Mot. Suppress, ECF No. 63; Not. Intent, ECF No. 73, sealed.)) The Court referred the motion to suppress/sever to Magistrate Judge Jonathan Goodman for a report and recommendations. Following an evidentiary hearing, Judge Goodman issued a report and recommendations. (Rep. & Rec., ECF No. 126.) The Defendant timely objected to the report and recommendations. (Obj., ECF No. 128.) The Government has responded to those objections. (Resp. Obj., ECF No. 130.) Separately, the Government filed objections to the Defendant's notice of intent. (Resp. Not. Intent, ECF No. 82, sealed.) Additionally, the Court conducted a hearing on May 16, 2023, at which the Defendant and the Government presented oral argument on the motion to suppress/sever, Judge Goodman's report and recommendations, and the notice of intent. After careful consideration of the parties' written submissions and oral arguments, the record, and the relevant legal authorities, the Court **adopts** Judge Goodman's report and recommendations (**ECF No. 126**) and **denies** the motion to suppress/sever (**ECF No. 63**), and the Court **denies** the Defendant's request to introduce the evidence proffered in the notice of intent. (**ECF No. 73, sealed**.)

1. **Background**

Defendant Rene Pedrosa is charged with five counts: attempted coercion and enticement of a minor to engage in sexual activity (Count I, 18 U.S.C. § 2422(b)); coercion and enticement of a minor to engage in sexual activity (Count II, 18 U.S.C. § 2422(b)) production of child pornography (Count II, I18 U.S.C. § 2251(a), (e)); receipt of child pornography (Count IV, 18 U.S.C. § 2252(a)(2), (b)(1)); and attempted possession of child pornography (Count V, 18 U.S.C. § 2252(a)(4)(B), (b)(2)). (Supers. Indict., ECF No. 47.)

The charges against Defendant Pedrosa stem from a series of alleged interactions between the Defendant and the victim, a then-minor teenage male. The Government alleges that the Defendant sent illicit text messages to the victim and sexually assaulted the victim. (Mot. Suppr. at 2.)

The Defendant moved to suppress evidence obtained as the result of a search warrant issued to Google, LLC ("Google") to obtain information associated with the Defendant's Gmail account, as well as the Defendant's web searches prior to the alleged commission of the crimes charged. (*Id.* at 3-6.) The Defendant asserted that the evidence obtained from the Google warrant should be suppressed because the warrant was overbroad and also unduly prejudicial under Federal Rule of Evidence 403. (*Id.*) Alternately, the Defendant argued, Count V of the superseding indictment should be severed and tried separately from Counts I-IV. (*Id.* at 6-7.)[1]

Judge Goodman issued a report and recommendations, finding that the Google warrant was issued in good faith, and therefore should not be excluded. (Rep. & Rec. at 27-28.) Further, Judge Goodman noted, the warrant was not "so overly broad on its face" that the federal agents who applied for it would not have reasonably presumed it to be valid. (*Id.* at 32.) And Judge Goodman observed that whether the warrant was actually overbroad would be "at most, a close call." (*Id.* at 35.) Accordingly, Judge Goodman recommended upholding the Google warrant under the good faith exception. (*Id.*)

Next, Judge Goodman recommended that the Court deny the Defendant's motion to exclude the evidence under Rule 403. (*Id.* at 36.) Because Count V "charges [Pedrosa] with attempted possession of child pornography between July 2015 and August 2016," Judge Goodman observed that the evidence obtained during the forensic examination of the Defendant's web and browser history following the issuance of the Google warrant would not be unfairly prejudicial. (*Id.* at 36-37.)

Finally, Judge Goodman recommended denying the Defendant's request to bifurcate his trial. In doing so, he found that the offenses joined are similar in nature and that the Defendant will not be subjected to compelling prejudice, such that severance would be warranted. (*Id.* at 38-40.)  Pedrosa now objects to each of Judge Goodman's recommendations, arguing that the Report & Recommendations errs in each of its suggested outcomes. (Obj. at 1-5.)

Separately, the Court will also address Pedrosa's notice of intent to introduce sexually explicit conduct of a victim. (Not. Intent at 4.) In the notice,

---

[1] The Magistrate Judge had a difficult time discerning the exact relief the Defendant was actually requesting in the motion to suppress. (Rep. & Rec. at 3 n.1.) The Defendant later clarified the requested relief, and the Court will address the relief requested in that clarification. (*Id.*; Not. Clarification, ECF No. 120.)

the Defendant proffers that he seeks to introduce at trial, through cross examination of the victim, that the victim engaged in sexually explicit or sexually suggestive communications with other individuals.[2] (*Id.*) The Defendant seeks to introduce these communications under Federal Rule of Evidence 412(b)(1)(C), arguing its exclusion would violate his constitutional rights. (*Id.*) The Government objects to the introduction of any of these communications and argues, in response, that the proffered evidence is irrelevant and would constitute a prohibited attack on the minor victim's general credibility. (Resp. Oppn. Not. Intent at 10-11.)

## 2. Legal Standard

A court may refer a motion to suppress evidence to a magistrate judge for a report and recommendation under Federal Rule of Criminal Procedure 59. A motion to suppress is considered a dispositive motion under the Rule, so if a party "serve[s] and file[s] specific written objections to the proposed findings and recommendations," then a court "must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

## 3. Analysis

The Court finds Judge Goodman's findings of fact and conclusions of law to be well-reasoned, thorough, cogent, and compelling. Defendant Pedrosa's

---

[2] The notice of intent, its respective exhibits, and the Government's objections are all filed under seal. (ECF Nos. 73, sealed; 82, sealed.) The Court has reviewed each of the proffered communications in camera, as required by Federal Rule of Evidence 412(c). Nonetheless, the Court will address the Defendant's proffered evidence in non-specific terms here to avoid any issues with the very sensitive nature of those proffers.

objections are without merit. As the Court addresses in detail below, it adopts and affirms Judge Goodman's report and recommendations. In doing so, the Court finds that the Google warrant was issued in good faith, that the evidence obtained in the forensic examination in response to the warrant is not unduly prejudicial, and that Count V need not be severed and tried separately.

Additionally, the Court finds that none of the victim's messages and/or photos that the Defendant seeks to introduce at trial are admissible. The evidence in question is shielded by Rule 412, not relevant to the allegations here, and not necessary to vitiate the Defendant's constitutional right to cross examination.

### A. The Evidence Obtained Via the Google Warrant Was Obtained in Good Faith and Is Not Unduly Prejudicial

First, the Defendant objects to Judge Goodman's recommendation to uphold the Google warrant. (Obj. at 1-2.) Upon a de novo review, the Court finds that Judge Goodman's recommendation is correct: the Google warrant was, at worst, obtained in good faith.[3] Accordingly, the evidence obtained through it should not be suppressed.

"'[E]vidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant' should generally not be excluded." *United States v. Blake*, 868 F.3d 960, 974–75 (11th Cir. 2017) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). Exclusion may be justified where "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" or "if the warrant was so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers could not have reasonably presumed it to be valid." *Id.* (cleaned up). Otherwise, where warrants are not "so facially deficient that the [law enforcement officers] who executed them could not reasonably have believed them to be valid," evidence obtained through the warrant need not be excluded under the good faith exception. *Id.* (cleaned up).

Here, the FBI agents who obtained and executed the Google warrant acted in good faith. As Judge Goodman observed, the FBI agents' application process and execution of the warrant support a finding of good faith. (Rep. & Rec. at 35.) The fact that this type of warrant has been routinely approved in the Southern District of Florida supports a finding of good faith. (*Id.*) The agents would have therefore reasonably believed the Google warrant to be valid. (*Id.*) Finally, the

---

[3] Having reviewed the warrant itself (Mot. Suppr. Ex C, ECF No. 63-3), as well as the FBI agent's affidavit in support of the warrant (Resp. Oppn. Mot. Suppr. Ex A., ECF No. 76-1), the Court also agrees with Judge Goodman that the Google warrant was, at worst, "a close call" with regards to its purported overbreadth. (Rep. & Rec. at 35.)

Google warrant is remarkably similar to the warrant the Eleventh Circuit addressed in *Blake*. 868 F.3d at 974-75 (applying the good-faith exception to overly broad warrants to Facebook where the warrants were "not 'so facially deficient' that the FBI agents who executed them could not have reasonably believed them to be valid."). Therefore, the Court denies the motion to suppress the evidence obtained in response to the Google warrant.

Second, the Defendant objects to the admissibility of the evidence obtained in response to the Google warrant as more prejudicial than probative under Rule 403. (Obj. at 4-6.) More specifically, the Defendant argues that because the Government cannot prove he actually found child pornography in response to his Google searches, presenting evidence of his searches to the jury would result in unfair prejudice. (*Id.*)

The standard for "unfair prejudice" with regards to a criminal defendant "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011).

The Defendant makes the same argument here that he did before the Magistrate Judge, and he fails to address the finding that underpinned Judge Goodman's decision: that the FBI agent's testimony "established that the evidence Pedrosa seeks to exclude is the evidence which, in part, establishes that Pedrosa committed the crimes charged in Count V." (Rep. & Rec. at 37.) In other words, the Defendant effectively argues that the Government cannot establish that the crime alleged was committed, so unrebutted evidence that would tend to prove that the crime was in fact committed should be excluded. (*See* Obj. at 5.) This is not the purpose of Rule 403—applying the Rule here, as the Defendant asks, would in fact turn the rule on its head. Accordingly, the Court will not exclude the evidence of the Defendant's search history obtained through the Google warrant as being unfairly prejudicial.

### B. Count V Is Similar in Character to Counts I-IV and Need Not Be Severed

The Defendant also argues that the Report and Recommendation errs by not severing his trial on Count V, alleging attempted possession of child pornography, because "there are no similar offenses [between Count V and Counts I-IV] because simply searching for pornography (which the Government cannot prove that it was child pornography [sic]) is completely legal." (Obj. at 4.) As with the Defendant's argument against the introduction of his search history,

this argument turns the standard for severance on its head. Seizing on a government's expert's unwillingness to state with certainty beyond a reasonable doubt that certain images recovered from the Defendant's search history depict minors, the Defendant claims that this proves he was only searching for and viewing legal pornography. (*Id.*)

"Rule 8(a) is construed broadly in favor of initial joinder, allowing joinder of offenses that 'are of the same or similar character,' even if such offenses do not arise at the same time or out of the same series of acts or transactions. *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). The Eleventh Circuit has confirmed that "Rule 8(a) is not limited to crimes of the "same" character but also covers those of 'similar' character, which means 'nearly corresponding; resembling in many respects; somewhat alike; having a general likeness.'" *Id.* (cleaned up). Further, joined offenses "need only be similar in character, *not* in evidence." *Id.* (emphasis in original).

Once again, the Defendant's argument ignores the testimony of the FBI agent and Judge Goodman's findings that the evidence Pedrosa seeks to sever out from the main trial is also the evidence that would tend to prove the allegations in Count V. (Rep. & Rec. at 37-40.) In other words, Pedrosa argues that the evidence that would suggest the charges are of a similar nature must be presented separately because another witness did not (fully) agree with the Government's conclusions drawn from that evidence. The Government has provided sufficient evidence, at this stage, to suggest a substantial similarity between the crimes charged. *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002) (affirming order denying motion to sever possession of child pornography counts from counts alleging engaging in sexual activity with a minor and observing that "[a]fter thoroughly reviewing the record here, we are fully satisfied that both sets of counts are 'similar' in that they reflect [the defendant's] repeated participation in the sexual exploitation of minors.").

Pedrosa, in turn, has not demonstrated compelling prejudice. *Id.* In fact, as Judge Goodman observes, were any prejudice to exist based on Pedrosa's argument, it would actually be the other way around: "The evidence supporting Counts I-IV will presumably consist of testimony that Pedrosa groped a minor's genitalia and buttocks, kissed a minor forcefully, encouraged a minor to send sexually explicit photographs, and sent sexually explicit photographs to a minor in response." (Rep. & Rec. at 39.) The only argument Pedrosa can offer is that evidence about his searching for (purportedly) legal pornography would somehow prejudice a jury with regards to Counts I-IV.

The Eleventh Circuit has rejected this sort of argument before. *Hersh*, 297 F.3d at 1243 (observing that "a reasonable jury undoubtedly would have found *both* the evidence of Hersh's child molestation and the evidence of Hersh's child

pornography very inflammatory, and Hersh has offered no support for the contention that the evidence of child pornography was somehow more prejudicial or inflammatory than the charge that he repeatedly molested young, poverty-stricken boys from Third World countries.") (emphasis in original); *see also United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017). Additionally, the Court can issue curative instructions to the jury to address any potential prejudice that could foreseeably arise. *Id.* The Court therefore denies Pedrosa's motion to sever Count V.

### C. The Proffered Communications Are Impermissible Evidence of Sexual Behavior or Predisposition Under Rule 412

Having confirmed Judge Goodman's recommendations on the motion to suppress, the Court now addresses the Government's objections to the Defendant's notice of intent to introduce sexually explicit conduct of a victim. The Defendant seeks to introduce four categories of evidence: (1) nude pictures the victim took of himself; (2) messages between the victim and openly gay radio and television personalities; (3) text messages between the victim and third-parties allegedly adult males that are somewhat flirtatious; and (4) message between the victim and third-party, allegedly adult males in which victim says he needs a "sugar daddy." (Not. Intent Exs. 1-6, ECF No. 73-1, and as proffered during hearing sealed). The Defendant relies upon Federal Rule of Evidence 412(b)(1)(C) to proffer this evidence, arguing that excluding it would violate his constitutional right to cross-examine the victim regarding the Defendant's and the victim's alleged relationship began and progressed. (Not. Intent at 6-8.)

The Government objects to the entry of any of this evidence, arguing that it is would not support constitutionally protected cross-examination and would instead violate Rule 412(a). (Resp. Not. Intent at 10-12.) Instead, the Government asserts, allowing the Defendant to introduce this evidence would produce the exact sort of "chilling effect" on sexual assault victims that Rule 412 is intended to prevent. (*Id.*)

The Government is correct. The evidence that the Defendant seeks to introduce is prohibited by Rule 412(a), which states that "evidence offered to prove that a victim engaged in other sexual behavior" or "offered to prove a victim's sexual predisposition" is inadmissible in a proceeding involving "alleged sexual misconduct." Fed. R. Evid. 412(a). The Advisory Committee notes make clear that the Rule's purpose is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment[,] and sexual stereotyping that is associated with public disclosure of intimate sexual details." *Id.* advisory committee's note (1994). The Rule accomplishes this goal "by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition,

whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." *Id.*

The Eleventh Circuit has repeatedly barred the use of the sort of evidence that the Defendant seeks to introduce here, even in the context of the right to cross examination of the victim-accuser. *United States v. Culver*, 598 F.3d 740, 749-50 (11th Cir. 2010); *United States v. Allmond*, 871 F. App'x 887, 889 (11th Cir. 2020). In *Culver*, the Eleventh Circuit affirmed the district court's exclusion of evidence of the minor victim's alleged sexual history because the key issue in that case was the victim's identity. 598 F.3d at 749. Further, the district court allowed the defense to inquire into topics relevant to the charges at hand in cross examination. *Id.* at 750. Even more pertinently, in *Allmond*, the Eleventh Circuit affirmed the district counsel's exclusion of evidence of the minor victim's alleged sexual history where the defense sought to introduce evidence that the minor victims had lied about their ages to other men, when the defendant was on trial for enticing a child to engage in sexual activity. 871 F. App'x at 889, 892-93. The Eleventh Circuit observed that excluding this evidence "did not violate [the defendant's] constitutional right to challenge [the victim's] credibility and did not fall within Rule 412(b)(1)(C)'s narrow exception." *Id.* at 893.

Nothing in the Court's determination here will prevent the Defendant from cross-examining the victim with regards to his credibility. And nothing in the proffered messages would bear on the victim's credibility; rather, it would only relate "to the alleged victim's sexual behavior or alleged sexual predisposition," in violation of Rule 412. Fed. R. Evid. 412 advisory committee's note (1994); *Culver*, 598 F.3d at 749-50; *Allmond*, 871 F. App'x at 892-93. Accordingly, the Court will not admit the proffered evidence and sustains the Government's objections.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Judge Goodman's report and recommendations is **ADOPTED** (**ECF No. 126**) and Defendant Rene Pedrosa's motion to suppress/sever is **DENIED**. (**ECF No. 63**.) Further, the Court **denies** the Defendant's request to introduce the communications proffered in his notice of intent, **sustains** the Government's objections, and **excludes** the evidence proffered in that notice. (**ECF No. 73**.)

**Done and ordered** in Miami, Florida, on May 16, 2023.

_____
Robert N. Scola, Jr.
United States District Judge