UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20259-CR-SCOLA(s)

UNITED STATES OF AMERICA

vs.

RENE PEDROSA,

      **Defendant.**
_____/

## FACTUAL PROFFER

The United States of America, Rene Pedrosa ("Defendant"), and the Defendant's counsel, agree that, had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt, and that such facts are sufficient to establish the Defendant's guilt as to Count 4 in the Superseding Indictment.

On December 22, 2019, the Defendant knowingly received visual depictions using a means and facility of interstate and foreign commerce that had been shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the production of such visual depictions involved the use of a minor, the Minor Victim, engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct.

In November 2019, the Defendant contacted a 16-year-old boy (the "Minor Victim") via Instagram about a possible website design job for the Mayor of the City of Miami. At the time, the Defendant was employed as an aide to the City of Miami Mayor, Francis Suarez. The Defendant was 48 years old. Approximately a couple weeks later, the Minor Victim's mother drove him to a meeting with the Defendant at a café in Coconut Grove, Florida. There, the Minor

Victim and the Defendant discussed the website design job. A follow-up meeting between the Minor Victim and the Defendant was scheduled for November 25, 2019.

On November 25, 2019, the Minor Victim's mother drove him to the follow-up meeting with the Defendant, which took place at the Miami City Hall. The Minor Victim's mother left the Minor Victim at City Hall and was not present during the meeting. During the meeting, the Defendant touched the Minor Victim's penis over his clothing multiple times, grabbed his buttocks, kissed the Minor Victim, and placed the Minor Victim's hand over the Defendant's clothed erect penis.

After the meeting on November 25, 2019, the Defendant continued to communicate with the Minor Victim via WhatsApp, an internet-based messaging application. During a WhatsApp conversation that occurred on December 22, 2019, while the Defendant and Minor Victim were both located in Miami-Dade County, the Defendant knowingly received close-up visual depictions of the Minor Victim's naked penis and body that the Minor Victim took while showering. The images depicted the Minor Victim engaged in sexually explicit conduct and therefore constitute child pornography. Law enforcement recovered the child pornography visual depictions from the Defendant's cell phone during a forensic examination pursuant to a state search warrant. The Minor Victim positively identified himself in the visual depictions found in the Defendant's cell phone and stated that the visual depictions were taken inside the Minor Victim's bathroom. Law enforcement visited the Minor Victim's residence, and took photos of his bathroom, which matches the bathroom seen in the child pornography visual depictions found in the Defendant's cell phone.

The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the Defendant's knowing, willful, and intentional plea of guilty.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 5/24/23    By: _____
JESSICA KAHN OBENAUF
ASSISTANT UNITED STATES ATTORNEY

Date: 5/20/23    By: _____
SUSY RIBERO-AYALA
ATTORNEY FOR DEFENDANT

Date: 5/20/23    By: _____
RICK L. YABOR
ATTORNEY FOR DEFENDANT

Date: 5/20/23    By: _____
RENE PEDROSA
DEFENDANT