United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) Criminal Case No. 21-20259-CR-Scola |
| Rene Pedrosa, Defendant. | ) ) ) |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Rene Pedrosa's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 186.) The Government has not yet responded and the Court finds no response is necessary. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Pedrosa's motion for reduction of sentence. (**Mot., ECF No. 186**.)

### 1. Background

On August 14, 2023, the Defendant Rene Pedrosa was sentenced to a term of imprisonment of 72 months and 15 years of supervised release after pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (ECF Nos. 165, 166, 182.) The Sentencing Guidelines range was 168 to 210 months of imprisonment.

Since Pedrosa's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Pedrosa now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 72 months in prison and 15 years of supervised release.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Pedrosa's motion fails because he is a zero-point offender, but the application of Amendment 821 would not lower his existing sentence. Pedrosa's original Guidelines range was 168 to 210 months of imprisonment. Even with

the two-point reduction, his new Guidelines range would be 135 to 168 months. His original sentence was 72 months, so his original sentence is below the bottom of the new Guidelines range and Amendment 821 does not provide relief. Because the application of Amendment 821 would not reduce Pedrosa's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Pedrosa's motion for reduction of sentence is **denied**. (**Mot., ECF No. 186**.)

**Done and ordered** at Miami, Florida on January 31, 2024.

_____
Robert N. Scola, Jr.
United States District Judge